In re: **William J. HOLLAND and Patricia A. Holland, his wife, Debtors.**

**Bankruptcy No. 80–00002–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

April 6, 1987.

See also, Bkrtcy., 77 B.R. 954.

———

Billie Tarnove, P.A., Marvin Gutter, Fort Lauderdale, Fla., for debtors.

Jeffrey H. Beck, Successor Trustee, Fort Lauderdale, Fla., for successor trustee.

Marilyn Koonce, Asst. U.S. Atty., Miami, Fla.

Terry Mitchell, Miami, Fla.

Edwin B. Meese, Atty. Gen. Dept. of Justice, Washington, D.C.

## ORDER DENYING MOTION AND AMENDED MOTION OF THE UNITED STATES OF AMERICA FOR RECONSIDERATION OF CLAIM

A. JAY CRISTOL, Bankruptcy Judge.

This matter came before the court in a closed case. An agreement was made between the United States of America and the taxpayers. The taxpayers asked that the case be reopened to consider holding the United States of America in contempt for failure to carry out its obligations under an agreed court order. Since that time, the United States of America has wiggled and squirmed and moved in every direction. The thing the United States of America has not done is address the issue of whether or not it knowingly and willfully violated the order of the court.

In this motion for reconsideration and in the amended motion for reconsideration, the United States of America brings up a brand new approach to a claim that was disposed of by agreement between the United States and the taxpayer and which has absolutely nothing to do with the contempt issue for which this case was reopened.

The United States has requested this court to exercise its equitable powers to protect the public fisc. Since the United States has asked for equity, it should be reminded that those who come to equity, must come with clean hands and those who seek equity must do equity. In this case, an agreement was made which allowed for confirmation of a plan and closing of a chapter 11 case. Numerous parties relied upon the agreement in connection with the conclusion of this proceeding. It would be totally inequitable for this court to disturb that agreement after various parties have changed their positions in reliance upon the agreement. This is particularly true when the court is not in the position to pick up

Humpty Dumpty and put all the pieces back where they were before the agreement was approved by the court and innocent third parties relied upon it.

Accordingly, and after consideration, it is ORDERED, that the motion of the United States of America for reconsideration of claim is denied.